# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRANDON FRYE,

  *Plaintiff,*

vs.

  Case No. 6:13-cv-1433-EFM-GLR

CITY OF WICHITA, KANSAS,

  *Defendant.*

## MEMORANDUM AND ORDER

  Plaintiff Brandon Frye brought this *pro se* lawsuit for municipal liability alleging a violation of 42 U.S.C. § 1983 against Defendant City of Wichita, Kansas. Frye claims his constitutional rights were violated during a confrontation with police outside his home on October 31, 2011. The City has moved for dismissal of the claims for failure to state a claim upon which relief can be granted. For the reasons stated below, the Court grants Defendant's Motion to Dismiss (Doc. 5) pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I.  Factual and Procedural Background

  Plaintiff's complaint sets forth the following facts. On October 31, 2011, Plaintiff and his fiancée were on the front porch of their house in Wichita when three Wichita Police Department vehicles carrying five or six police officers arrived. The police officers told Plaintiff

that they "heard a disturbance in the neighborhood," and then the officers suddenly drew guns.[1] A "Hispanic lookin[g] officer" who was not holding a gun at the time told Plaintiff to come off the porch. Plaintiff was scared and did not move.[2] Only five seconds after receiving the order to come off the porch, the Hispanic-looking officer drew his taser gun and, without warning, aimed at, and shot, Plaintiff's right eye.[3] Plaintiff instantly dropped to the ground in pain. While on the ground, he was hit a second time with the taser, this time in his back. Plaintiff blacked out.

When Plaintiff woke up, he was in an emergency room at Wesley Medical Center. A doctor told him that he needed to undergo surgery to remove a tase wire from his eye. Plaintiff eventually underwent six surgeries before losing his right eye. He remains in extreme and constant pain today. Plaintiff claims his civil and constitutional rights were violated by denying him equal protection of the law "by using Excessive Brutality that was Cruel and Heinous because [Plaintiff] was never a flight risk and the officer had the situation under control."[4] Plaintiff is seeking $256,000 in medical bills and $3.7 million to cover future medical costs and lost wages.

Defendant City of Wichita, Kansas filed a motion to dismiss, arguing that Plaintiff failed to state a claim upon which relief can be granted. Defendant asserts that Plaintiff's complaint does not contain any claim that attributes the Plaintiff's injury to an unconstitutional custom, practice, or policy of the City of Wichita as required by 42 U.S.C. § 1983. Plaintiff did not respond to this motion.

---

[1] Complaint, Doc. 2, app. A, at 5.

[2] *Id.*

[3] *Id.*

[4] *Id.* at 6.

## II. Legal Standards

**A. Standard for Dismissal Under Rule 12(b)(6)**

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[5] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' "[6] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[7] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[8] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[9] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[10] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' "[11]

---

[5] Fed. R. Civ. P. 12(b)(6).

[6] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[8] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[9] *Iqbal*, 556 U.S. at 678-79.

[10] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").

[11] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

**B. Liability of Municipalities and Officials Under 42 U.S.C. § 1983**

Although Plaintiff's *pro se* pleadings do not refer to a specific cause of action, it is clear that his suit comes before the Court pursuant to 42 U.S.C. § 1983.[12] Section 1983 states, in relevant part, that "[e]very person who, under color of [law], subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."[13] A municipality may be sued as a "person" under § 1983.[14] A municipality, however, will not be held liable merely for the actions of its employees.[15] A plaintiff must establish that it was the municipality's policy or custom that caused the constitutional deprivation.[16] A plaintiff may show that such policy or custom exists through (1) formal regulations; (2) widespread practice so permanent that it constitutes a custom; (3) decisions made by employees with final policymaking authority that are relied upon by subordinates; or (4) a failure to train or supervise employees that results from a deliberate indifference to the injuries caused.[17]

---

[12] *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) ( "[I]f a court can reasonably read the [*pro se*] pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.").

[13] 42 U.S.C. § 1983.

[14] *Monell v. Dep't of Soc. Services of City of New York,* 436 U.S. 658, 690 (1978).

[15] *Smith v. City of Oklahoma City,* 696 F.2d 784, 786 (10th Cir. 1983) (citing *Monell,* 436 U.S. at 690–91).

[16] *Id.*

[17] *Brammer–Hoelter v. Twin Peaks Charter Acad.,* 602 F.3d 1175, 1188–89 (10th Cir. 2010).

### III. Analysis

Plaintiff has filed this action against the City of Wichita, not the individual officer.[18] Plaintiff has failed to allege facts sufficient to show that Defendant City is liable under § 1983 for deprivation of Plaintiff's federal rights. Plaintiff provides no allegations that the City made any policy, custom, or decision that infringed upon a federally protected right. Plaintiff's conclusory allegations that his constitutional rights were violated are insufficient to establish a plausible claim that Defendant is liable under § 1983. Therefore, the complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that Defendant City of Wichita's Motion to Dismiss (Doc. 5) is hereby **GRANTED**.

**IT IS SO ORDERED**.

Dated this 20th day of March, 2014.

*[signature]*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[18] Absent an allegation that the City's policy or custom caused the constitutional deprivation, the proper procedure would be to sue the officer in his personal capacity. Personal-capacity suits "seek to impose individual liability upon a government officer for actions taken under color of state law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). A personal-capacity suit does not require the plaintiff to establish a connection to governmental policy or custom. *Id.* To establish personal liability in a § 1983 action, "it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Id.* (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).